IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| DENNY DOCTOR, | ) | In the Circuit Court of Harrison |
| | ) | County, West Virginia, |
| Plaintiff, | ) | No. 14-C-241-2 |
| | ) | |
| v. | ) | |
| | ) | Case No.  1:15-cv-72 (Keeley) |
| OCWEN LOAN SERVICING, LLC, | ) | |
| and | ) | Electronically Filed April 28, 2015 |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| AS TRUSTEE FOR SALOMON HOME | ) | |
| EQUITY TRUST, SERIES 2002-WMC1, | ) | |
| ASSET BACKED PASS-THROUGH | ) | |
| CERFTIFICATES SERIES 2002-WMC1 | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendant U.S. Bank National Association, as Trustee for Salomon Home Equity Trust, Series 2002-WMC1, Asset Backed Pass Through Certificates Series 2002-WMC1 ("U.S. Bank") respectfully notifies the Court pursuant to 28 U.S.C. § 1441 that it has this day removed this action from the Circuit Court of Harrison County, West Virginia to this Court.  In support of its removal, U.S. Bank submits this notice.  Removal is based on the grounds that diversity jurisdiction exists over this action because there is complete diversity between Plaintiff and defendants, and the amount in controversy exceeds $75,000.00.

## I.  BACKGROUND

1.      This action was originally filed in the Circuit Court of Harrison County, West Virginia on , 2014 ("Action").  A certified copy of the complaint and all other documents filed in the state court are attached hereto as Exhibit A.

2.      On April 20, 2015, Plaintiff Denny Doctor amended his complaint adding U.S. Bank as a party to this Action.   Plaintiff further removed his stipulation of Seventy-Four

Thousand Nine Hundred Ninety-Nine Dollars and Ninety-Nine Cents ($74,999.99) which acted as a bar to removal for Ocwen Loan Servicing, LLC ("OLS").

3.      U.S. Bank's counsel accepted service on April 20, 2015.   This removal is therefore timely because it has been filed within 30 days of service as required by 28 U.S.C. § 1446(b).  Moreover, this removal is within the one year time period of the initial date the Action was filed.  Therefore, the removal is timely as it relates to both defendants.

4.      Plaintiff's amended complaint alleges claims relating to unlawful debt collection practices, negligence, tortuous interference with contract, and breach of contract.  (*See, generally* Amended Compl.).  This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. § 1332.  Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

## II. DIVERSITY JURISDICTION

5.      Federal diversity jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1332 because all parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to the federal question jurisdiction conferred by 28 U.S.C. § 1331.  Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

**A.      There Is Complete Diversity Among All Parties**

7.      There is diversity of citizenship among all parties.  Plaintiff is a citizen of West Virginia.  (*See* Amended Compl. ¶ 1.)

8.      U.S. Bank is a national banking association.  A national banking association is deemed a citizen of the state in which it is located.  28 U.S.C. § 1348.  For section 1348 purposes, a national bank is "located at the site of its main office, as set forth in the bank's articles of association.  See *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).  U.S. Bank's articles of association identify Cincinnati, Ohio as the location of U.S. Bank's main office.  Therefore, for diversity purposes, U.S. Bank is a citizen of Ohio.

9.      OLS is a limited liability company located in Florida.  For diversity purposes, "a limited liability company is assigned the citizenship of its members." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004).  The sole member of OLS is Ocwen Financial Corporation.  Ocwen Financial Corporation is incorporated under the laws of Florida with its principal place of business in Florida and thus, OLS is a citizen of Florida.  OLS consents to this removal.  See Consent of Removal, attached hereto as Exhibit B.

10.     Because Plaintiff is a citizen of West Virginia and U.S. Bank and OLS are not citizens of West Virginia, there is complete diversity between Plaintiff and U.S. Bank and OLS in this matter.  *See* 28 U.S.C. § 1332(a)(1).

**B.      The Amount in Controversy Exceeds $75,000.00**

11.     Plaintiff's   complaint   also   meets   the   $75,000.00   amount-in-controversy requirement for diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).

12.     In her complaint, Plaintiff asserts eight (8) causes of action against U.S. Bank and OLS for illegal debt collection, negligence, breach of contract, and tortuous interference with a contract.  (*See* Amended Compl. ¶¶ 20-45.)  For these alleged wrongs (which U.S. Bank and OLS emphatically deny), Plaintiff seeks an unlimited amount of actual and statutory damages.

13.     Where, as here, a plaintiff seeks recovery of an indeterminate amount, diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence

that the amount in controversy exceeds $75,000.  *See Dunlap v. Green Tree Servicing, LLC*, 2005 U.S. Dist. LEXIS 32485, *8 (S.D. W. Va. Nov. 28, 2005).  This burden may be met if "it is facially apparent" from the complaint that the plaintiff's claims "are likely" to exceed $75,000, exclusive of interest and costs.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  The determination of whether the amount in controversy is satisfied is left to the court's "common sense."  *Mullins v. Harry's Mobile Homes*, 861 F. Supp. 2d 22, 24 (S.D. W. Va. 1994).

14.     While Plaintiff's complaint does not specify an amount of requested damages, it nonetheless is facially apparent that the damages claimed exceed the $75,000 jurisdictional threshold for several independent reasons.  Plaintiff seeks statutory damages pursuant to W.Va. Code §§ 46A-5-101 and 106 which may exceed $4,500 per violation if the inflationary provision is applied, as well as an unspecified amount of actual damages. (*See* Amended Compl. ¶¶ 22, 24, 30, 38, 40, and 45, Wherefore Sections.)   In particular, Plaintiff alleges sixty-four number of violations which U.S. Bank and OLS deny.  Id. at 17-18.  Therefore, the statutory penalties by themselves, if Plaintiff meets his burden of proof, may exceed $75,000.00.

15.     In addition, Plaintiff claims an unspecified amount of punitive damages.  Id. at 36(b).

16.     Plaintiff also asserts that he is entitled to statutory attorneys' fees.  Attorneys' fees may be included for the purpose of determining the amount in controversy.  *See Patton*, 2006 WL 771924, at *3.  Given the complexity of plaintiff's allegations, the likelihood of significant motion practice (including summary judgment motions, and others), Plaintiff's Attorneys' fee claim alone places in controversy an amount that exceeds $75,000.  For these independent reasons, it is facially apparent from the complaint that Plaintiff's claims exceed the jurisdictional threshold.

## III.  VENUE

17.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of Harrison County, West Virginia, the forum in which the removed action was pending.

## IV.  NOTICE

18.     Concurrently with the filing of this Notice, U.S. Bank will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Harrison County, West Virginia.

19.     The contents of <u>Exhibit A</u> constitute the entire file of the action in the Circuit Court of Harrison County, West Virginia.

Dated:  April 28, 2015.

**Respectfully submitted,**
**U.S. Bank National Association,**
**as Trustee for Salomon Home Equity Trust,**
**Series 2002-WMC1, Asset Backed**
**Pass-Through Certificates Series 2002-WMC1**

**By Counsel,**

  /s/ Chris R. Arthur
Chris R. Arthur, Esquire (WVSB #9192)
STEPTOE & JOHNSON, PLLC
707 Virginia Street, East, Eighth Floor
P.O. Box 1588
Charleston, WV  25326-1588

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| DENNY DOCTOR, | ) | |
| | ) | In the Circuit Court of Harrison |
| Plaintiff, | ) | County, West Virginia, |
| | ) | No. 14-C-241-2 |
| v. | ) | |
| | ) | Case No._____ |
| OCWEN LOAN SERVICING, LLC, | ) | |
| and | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| AS TRUSTEE FOR SALOMON HOME | ) | |
| EQUITY TRUST, SERIES 2002-WMC1, | ) | |
| ASSET BACKED PASS-THROUGH | ) | |
| CERFTIFICATES SERIES 2002-WMC1 | ) | |
| | ) | |
| **Defendants.** | | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April 2015, I served the foregoing *"Notice of Removal"* upon the following by U.S. Mail, postage prepaid:

Michael C. Nissim-Sabat, Esquire
Sara Bird, Esquire
Mountain State Justice, Inc.
321 W. Main Street, Ste. 401
Clarksburg, WV 26301
*Counsel for Plaintiff*

/s/ Chris R. Arthur
Chris R. Arthur, Esquire (WVSB #9192)